UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,   CR 08-248-RE

        Plaintiff,   OPINION AND ORDER

    v.

SHAWN T. CRANE,

        Defendant.

_____

REDDEN, Judge:

On May 22, 2008, a grand jury returned an indictment charging Defendant Shawn T. Crane with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Before the court is the United States' Motion (doc. 22) for Admission of Rule 404(b) Evidence related to Defendant's 2005 conviction for Felon in Possession of a Firearm. On January 13, 2008, the court held oral argument. For the reasons set forth below, the motion is DENIED.

On April 16, 2005, Portland Police searched Defendant's vehicle after pulling him over

PAGE 1 - OPINION AND ORDER

for a traffic violation. The officers found a loaded .45 caliber semi-automatic pistol in the passenger's purse. The passenger told police that the gun was not hers, but could not explain why it was in her bag. On July 26, 2005, Defendant pleaded guilty to being a Felon in Possession of a Firearm and admitted under oath that he possessed the gun found in the passenger's purse.

On September 12, 2007, Portland Police again attempted to pull Defendant over for a traffic violation. After a short pursuit and car crash, Defendant fled the scene.[1] Although police were unable to apprehend Defendant at the scene, the police did locate and detain the other two occupants of the vehicle: Erica Bryant and Deandre Green. During the search of the vehicle, police officers found a loaded .40 caliber semi-automatic pistol in Erica Bryant's purse. She will testify that Defendant handed her the pistol during the police pursuit and said, "just do something with it." Deandre Green, the other individual in the vehicle, told the police that the gun did not belong to him. Some time after the incident, Defendant was arrested on other charges, but denied possession of the firearm found on September 12, 2007. On May 22, 2008, a grand jury returned an indictment charging Defendant with one count of Felon in Possession of a Firearm.

The government seeks to introduce evidence related to the 2005 incident pursuant to Federal Rule of Evidence 404(b). The government contends that the fact that Defendant hid a

---

[1] The government intends to introduce several items of evidence connecting Defendant to the vehicle, including a car rental agreement completed by Defendant's girlfriend, notes found in the car with the names of Defendant's probation officers, a note bearing Defendant's fingerprint, a music CD also bearing Defendant's fingerprint, as well as evidence connecting Defendant to the keychain found in the ignition of the car when it was abandoned. The government will also proffer phone records and cell tower evidence showing contacts between Defendant and his girlfriend immediately after the police pursuit. The phone records apparently indicate that Defendant contacted his girlfriend and she reported the rental car stolen after the police pursuit.

PAGE 2 - OPINION AND ORDER

gun in a passenger's purse during the 2005 traffic stop tends to prove that he was the person who possessed the firearm found in Bryant's purse in this case. The government further suggests that the previous incident should be admitted to demonstrate Defendant's "habit of secreting firearms in female passengers' handbags in order to escape punishment . . . ." Mem. in Supp., at 5. I disagree.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Evidence of other crimes may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

Evidence of prior bad acts may be admitted under Rule 404(b) if: (1) the evidence tends to prove an element of the offense charged; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) where knowledge and intent are at issue, the act is similar to the offense charged. United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir. 2004). If the evidence meets those criteria, the court must decide whether the probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. United States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000). In applying this test, the Ninth Circuit has emphasized that:

> extrinsic acts evidence is not looked upon with favor. We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994) (citation omitted).

PAGE 3 - OPINION AND ORDER

When the other acts evidence is introduced to prove identity, as it is here, "the characteristics of the other crime or act [must] be sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue." United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir. 1991). "Conversely, if the characteristics of both the prior offense and the charged offense are not in any way distinctive, but are similar to numerous other crimes committed by persons other than the defendant, no inference of identity can arise." Id. (quotation omitted).

Here, the evidence of Defendant's prior conduct related to hiding a gun in a passenger's purse is inadmissible as evidence of identity because it is not sufficiently distinctive to warrant the inference that Defendant committed the offense charged in this case. That Defendant once secreted a handgun in another companion's purse does not demonstrate habit. Nor does such an ordinary and common criminal act demonstrate identity under Rule 404(b). Cf. United States v. Spencer, 1 F.3d 742, 745 (9th Cir. 1993) ("Hiding a gun under a car seat is not a distinctive crime, and cannot be used to satisfy the 'identity' exception to Rule 404(b)"); United States v. Powell, 587 F.2d 443, 448 (9th Cir. 1978) (excluding evidence of prior marijuana offenses in a prosecution for marijuana trafficking because the offenses were not "sufficiently distinctive"); United States v. Ezzell, 644 F.2d 1304, 1306 (9th Cir. 1984) (excluding evidence related to previous robberies because the "points of similarity between the . . . robberies were ones which are so common to most bank robberies as to be entirely unhelpful. The conduct was not sufficiently peculiar, unique or bizarre, . . . nor was it so unusual or distinctive as to constitute" admissible evidence of identity under Rule 404(b) (internal citations and quotations omitted); United States v. Thomas, 321 F.3d 627, 634-35 (7th Cir. 2003) (holding that defendant's prior

conduct in "being met on the street carrying a handgun, dropping it, and then fleeing on foot" was not "sufficiently idiosyncratic to permit an inference of pattern for purposes of proof"). If a pattern of conduct as "generic" as asking a passenger to hide a gun could be used to demonstrate identity or habit, the fairly limited identity exception to Rule 404(b) would gut the rule. Thomas, 321 F.3d at 635. Defendant's prior conduct is exactly the kind of improper criminal propensity evidence that Rule 404(b) seeks to exclude. Id. It is the kind of evidence that tends to show only that the defendant has engaged in other acts of wrongdoing, rather than the particular offense being tried. As such, I conclude that the minimal probative value of Defendant's previous criminal conduct is far outweighed by the danger of unfair prejudice. Accordingly, the evidence related to Defendant's 2005 conviction for Felon in Possession of a Firearm is inadmissible, and the United States' Motion (doc. 22) for Admission of Rule 404(b) Evidence is DENIED.

IT IS SO ORDERED.

DATED this  15th  day of January, 2009.

                                             /s/ James A. Redden
                                                  James A. Redden
                                    United States District Court Judge