UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-248-RE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SHAWN T. CRANE, | |
| Defendant. | |

REDDEN, Judge:

      Before the court is Defendant Shawn T. Crane's third Motion (doc. 35) to Continue Trial.

On April 6, 2009, the court heard oral argument. For the reasons below, the motion is DENIED.

## Background

      On May 22, 2008, a grand jury returned an indictment charging Defendant Shawn T.

Crane with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

On August 12, 2008, and again on January 14, 2009, the court granted Defendant's motions to

PAGE 1 - OPINION AND ORDER

continue trial because additional time was needed to conduct pretrial investigation and trial preparation. A jury trial is currently set for April 7, 2009.

On March 30, 2009, Defendant filed a third Motion (doc. 35) to Continue Trial. In support of the motion, Defendant filed an Affidavit of Counsel citing the following reasons for a 28-day continuance:

> Defendant is seeking a continuance because defense counsel was just recently provided a name of a potential witness that can establish that the defendant was not the driver, or occupant, of a vehicle wherein a firearm, the subject matter of the pending charge, was located . . . .
>
> This individual has called my office twice within the last three days and left messages with his name and number. On March 30, 2009, I attempted to contact this person by phone and was informed that the number was temporarily disconnected.
>
> Additional time is needed to develop additional contact information, contact and interview this individual, to reinterview [the] witness regarding his potential statement, and to conduct tests and examination of this potential witness as required.

Aff. of Counsel in Supp of Def.'s Mot. to Continue Trial, at 2, ¶¶ 4-6.

On March 30, 2009, the court held a pre-trial conference and deferred ruling on the motion to continue "to allow the defendant to locate and interview a potential defense witness." The court instructed defense counsel to notify the "no later than Friday, April 3, 2009, as to whether he has located the witness." See March 30, 2009 Minute Order (doc. 37).

On April 3, 2009, defense counsel informed the court and the prosecution that he contacted the potential witness—Nicholas Nelson—and interviewed him on that date. On April 6, 2009, the court held a status conference to further discuss the motion and Mr. Nelson's potential testimony. Defense counsel indicated that Mr. Nelson would testify that he was driving the Dodge Charger that attempted to elude police on September 12, 2007, and that the stolen

PAGE 2 - OPINION AND ORDER

firearm that police subsequently found in the vehicle belonged to him, and not Defendant. Defense counsel also represented to the court that he needed additional time to conduct DNA testing and obtain phone records, which might corroborate Mr. Nelson's potential testimony.

The government objected to the continuance, arguing that additional delay would be an extreme inconvenience and would be of little utility because defense counsel had already located and interviewed Mr. Nelson. Further, an order denying the continuance would not prejudice Defendant because he still has the ability to call Mr. Nelson as a witness.

## Discussion

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). The Ninth Circuit will "not find a clear abuse of discretion unless, after carefully evaluating all the relevant factors, . . . the denial was arbitrary or unreasonable." Id. "The relevant factors are: (1) the extent of the defendant's diligence in readying the defense; (2) the likelihood that the continuance would have satisfied the defendant's need; (3) the inconvenience to the court, opposing party and witnesses; and (4) the extent to which the defendant may have been harmed." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir. 1989) (citing Flynt, 756 F.2d at 1358). Whether a denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case, but "[t]o demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense." United States v. Lane, 765 F.2d 1376, 1379 (9th Cir. 1985).

### 1. Diligence

The first factor the court considers in determining whether to grant a continuance is the

appellant's diligence in preparing his case.  Flynt, 756 F.2d at 1359.  This factor weighs against Defendant's request for a continuance.  On the eve of trial, defense counsel filed the present motion seeking a third continuance to locate and interview a potential witness, Nicholas Nelson, who could ostensibly exculpate Defendant.  As the government points out, however, Mr. Nelson has visited Defendant eleven times while Defendant has been in the custody of the Multnomah County Sheriff, including four visits during March 2009.  Multnomah County Sheriff's Office Visitor Logs indicate that Mr. Nelson last visited Defendant on March 30, 3009, the same date he filed the present motion to continue.  Aside from the appearance of impropriety, these multiple visits belie Defendant's insistence, nearly a year after his indictment, that he needs additional time to locate and interview a potential witness, who could provide a complete defense to the charges against Defendant.

    2.  Usefulness

The second factor is the likelihood that the continuance would serve a useful purpose. Flynt, 756 F.2d at 1360.  A requested continuance would be useful if it would permit the appellant to introduce evidence relevant to the issue at hand.  Id.

Here, defense counsel states that additional time is necessary to "contact and interview this individual."  Aff. of Counsel in Supp of Def.'s Mot. to Continue Trial, at 2, ¶ 6. In light of the fact that defense counsel has now contacted and interviewed Mr. Nelson, he no longer needs additional time to complete those tasks.  Defense counsel now has the information necessary to call this potential fact witness to the stand to testify on his client's behalf.  Thus, further delay would neither be useful, nor necessary to introduce Mr. Nelson's testimony.

Defendant also argues that additional time is needed to obtain DNA evidence and phone

records that might corroborate Mr. Nelson's testimony. The government's evidence in this case, however, indicates that there was a mixture of DNA evidence from two or more individuals found on the firearm at issue. While the government's DNA expert can exclude 99.9% of the population from that mixture, Defendant's DNA cannot be excluded. Even if Mr. Nelson's DNA is part of the mixture, this would not change the fact that Defendant's DNA cannot be excluded from that mixture. In light of the nature of the government's DNA evidence and government's offer to help obtain any relevant phone records for the defense, I find that further delay would not be useful in obtaining relevant evidence to corroborate Mr. Nelson's testimony.

### 3. Inconvenience

The third factor is whether the continuance would inconvenience the parties, the court, or other witnesses. Flynt, 756 F.2d at 1360. This factor also weighs against Defendant's request for a continuance. First, the government's DNA expert is already en route from Texas to Portland, Oregon. Second, the government's case agents have spent a considerable amount of time locating key civilian witnesses, and serving them with subpoenas for trial. There is some evidence that the government's inability to locate witnesses stems, in part, from Defendant's attempts to intimidate those witnesses, and dissuade them from testifying. Third, the government intends to call seven law enforcement officers, who have cleared their schedules in order to appear at trial this week. Finally, the court and the jury administrator have invested time and resources in holding this trial, as scheduled. Because I find that a delay would be an inconvenience to the court, the government, and its witnesses, this factor weighs against granting a continuance at this late date.

4. Prejudice

The most critical question is whether Defendant will be prejudiced by the refusal to grant his request for a continuance. United States v. Mejia, 69 F.3d 309, 316 (9th Cir. 1995). As the government points out, it is highly unlikely that Mr. Nelson would take the stand and admit to felony attempt to elude, hit and run, unlawful possession of a weapon, and reckless driving. Nevertheless, the government has secured a promise of immunity pursuant to United States v. Westerdahl, 945 F.2d 1083 (9thy Cir. 1991), in an effort to ensure that Defendant may call Mr. Nelson as a witness. Because defense counsel has now had the opportunity to contact and interview Mr. Nelson, and is now able to call this new witness to testify on his client's behalf, I find that the denial of his eleventh-hour request for continuance will not result in actual prejudice to the defense.

## Conclusion

For the reasons set forth above, Defendant's Motion (doc. 35) to Continue Trial is DENIED.

IT IS SO ORDERED.

DATED this  7th  day of April, 2009.

/s/ James A. Redden
       James A. Redden
   United States District Court Judge