FILED 10 DEC 17 10:44 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Respondent,<br><br>    v.<br><br>SHAWN T. CRANE,<br><br>        Defendant-Petitioner. | 08-cr-248-RE<br>10-cv-70015-RE<br><br>OPINION AND ORDER |

REDDEN, Judge:

    Before the court is *pro se* petitioner Shawn T. Crane's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 56). There is no need for an evidentiary hearing. For the reasons that follow, I DENY the motion.

PAGE 1 - OPINION AND ORDER

## Background

Pursuant to an agreement with the government, Crane pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He signed a plea agreement letter, which provided that "the base offense level is 20 pursuant to USSG § 2K2.1(a)(4) and that a two level specific offense characteristic is required since the firearm was stolen." Plea Agreement Letter ¶¶ 5-6. In exchange for Crane's guilty plea, the government agreed to recommend a two-level departure for acceptance of responsibility, a sentence at the low-end of the advisory guideline range, and a concurrent 11-month sentence for his supervised release violation. Id. ¶¶ 7, 8; see also Gov. Sentencing Mem., at 2. Additionally, Crane waived his rights to appeal from the sentence and the right to file any collateral attack, except on grounds of ineffective assistance of counsel. Plea Agreement ¶ 11. The plea agreement made clear that the maximum statutory sentence was ten years imprisonment. Id. ¶ 3. Defense counsel certified to the court that he fully explained to defendant the charges and possible defenses, the potential penalties, and all of the provisions of the plea agreement. Plea Pet., at 8.

At the April 7, 2009 change of plea hearing, the court engaged in a colloquy with Crane to ensure that his guilty plea was knowing, voluntary, and intelligent, and to review the plea agreement and the consequences of pleading guilty. Assistant United States Attorney ("AUSA") Fredric Weinhouse summarized the terms of the parties' plea agreement, and explained that Crane was pleading guilty to felon in possession, which carries a statutory maximum ten-year term of imprisonment. Apr. 7, 2009 Tr. of Proceedings, at 2:20-24. Mr. Weinhouse made clear that the government would be recommending a 70-month term of imprisonment, based on an offense "level 20, plus two, the weapon was stolen. It is 22, minus two, for acceptance. It is a

PAGE 2 - OPINION AND ORDER

total offense level of 20." Tr. 5:18-20; see also Tr. 3:10-12. Mr. Weinhouse also noted that defendant waived his rights to appeal or collaterally attack the conviction under the agreement.

Crane then stated under oath that he understood the plea agreement and the government's position. Tr. 7:5-10. Crane then admitted the factual basis for being a felon in possession of a firearm, and acknowledged that the conviction carries a maximum ten-year term of imprisonment and two to three years of supervised release. Tr. 2-3, 10-12. Crane also acknowledged waiving his rights to appeal or collaterally attack the conviction or sentence. I found Crane's guilty plea to be knowing, intelligent, and voluntary, and I accepted it.

Prior to the sentencing hearing, the U.S. Probation Office prepared a Presentence Report ("PSR"). Crane's felon in possession conviction resulted in a Base Offense Level of 20 under U.S.S.G. § 2K2.1(a)(4) because of his prior conviction in Multnomah County for assault, a crime of violence. PSR ¶ 19. The PSR recommended a two-level specific offense characteristic enhancement under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen. PSR ¶ 20. The commentary to the Sentencing Guidelines provides that the two-level increase applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2k2.1 cmt. n.8(B). With a two-level departure for acceptance of responsibility under U.S.S.G. § 3E1.1, Crane's Total Offense Level was 20. PSR ¶¶ 25-26. Crane's Criminal History Category was VI, which yielded an advisory sentencing guideline range of 70 to 87 months. PSR ¶ 70.

At sentencing, defense counsel asserted that the firearm was not stolen, and argued that the total offense level was 18, which would yield an advisory guideline range of 57 to 71 months. After considering the parties sentencing materials, hearing the arguments of counsel, and considering the sentencing factors set out in 18 U.S.C. § 3553(a), I adopted the PSR's

PAGE 3 - OPINION AND ORDER

recommended guideline calculation and sentenced petitioner to 70 months in prison, which was the low-end of the advisory guideline range. Sentencing Tr., at 14-15; Judgment & Commitment, at 2-3 (doc. 51); Statement of Reasons, at 1 (doc. 52). On October 23, 2009, I entered an amended order of judgment reducing petitioner's term of imprisonment to 51 months to give him custody credit from the date of his arrest.

On June 14, 2010, petitioner timely filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"). Crane alleges that trial counsel provided constitutionally ineffective assistance by failing to investigate the origin of the firearm and convincing Crane to admit that the gun was stolen, which resulted in a two-level specific offense characteristic enhancement. Crane argues that trial counsel erred in failing to require the government to allege and prove beyond a reasonable doubt that the firearm was stolen. Petitioner also asserts defense counsel was ineffective in convincing defendant waive his right to file a § 2255 motion, or otherwise collaterally attack his sentence or conviction.

## Legal Standards

Title 28 U.S.C. § 2255(a), provides:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In considering a § 2255 petition, this court must grant an evidentiary hearing, "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court may deny a hearing if petitioner's

PAGE 4 - OPINION AND ORDER

allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989).

## Discussion

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during all critical stages of sentencing. Mempa v. Rhay, 389 U.S. 128, 134 (1967); *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (citing Evitts v. Lucey, 469 U.S. 387 (1985)). It is well-established that a prisoner may seek relief under 28 U.S.C. § 2255, based on a denial of effective assistance of trial or appellate counsel.

To prevail on his claim of ineffective assistance of counsel, a petitioner must show that "(1) grossly deficient performance by his counsel, and (2) resultant prejudice." Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must not only demonstrate that counsel committed errors, but that counsel's performance "fell below an objective standard of reasonableness," and that counsel's acts or omissions were not the "result of a reasonable professional judgment." Strickland, 466 U.S. at 688, 690. To demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process" that the subsequent proceedings "cannot be relied on as having produced a just result."

allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989).

## Discussion

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during all critical stages of sentencing. Mempa v. Rhay, 389 U.S. 128, 134 (1967); *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (citing Evitts v. Lucey, 469 U.S. 387 (1985)). It is well-established that a prisoner may seek relief under 28 U.S.C. § 2255, based on a denial of effective assistance of trial or appellate counsel.

To prevail on his claim of ineffective assistance of counsel, a petitioner must show that "(1) grossly deficient performance by his counsel, and (2) resultant prejudice." Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must not only demonstrate that counsel committed errors, but that counsel's performance "fell below an objective standard of reasonableness," and that counsel's acts or omissions were not the "result of a reasonable professional judgment." Strickland, 466 U.S. at 688, 690. To demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process" that the subsequent proceedings "cannot be relied on as having produced a just result."

Id. at 686. Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" Id. at 689. The reasonableness of counsel's conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" Id. at 690.

Crane's ineffective assistance claim fails because the government was not required to prove beyond a reasonable doubt that the firearm in question was stolen. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). The "statutory maximum" for Apprendi purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis in original). So long as a court's factual findings do not increase a defendant's sentence beyond the maximum authorized by the facts admitted by the defendant, there is no Sixth Amendment right to have a jury determine those facts beyond a reasonable doubt. United States v. Booker, 543 U.S. 220, 244 (2005).

Here, Crane pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which carries a statutory maximum ten-year term of imprisonment. 18 U.S.C. § 924(a)(2). Thus, under Apprendi and it progeny, this court could have imposed any sentence up to the statutory maximum ten-year term of imprisonment without further fact-finding by a jury. Harris v. United States, 536 U.S. 545, 566 (2002); Dare, 425 F.3d at 640. "The Fifth and Sixth Amendments ensure that the defendant 'will never get more punishment than he

PAGE 6 - OPINION AND ORDER

bargained for when he did the crime,' but they do not promise that he will receive 'anything less" than that." Harris v. United States, 536 U.S. 545, 566 (2002) (quoting Apprendi, 530 U.S. at 498 (Scalia, J., concurring)). Whether the firearm was "stolen" is a specific offense characteristic that has only an incremental, two-level impact on a defendant's advisory sentencing guideline range. The enhancement did not increase Crane's potential penalty beyond the ten-year statutory maximum. Accordingly, whether a firearm is stolen for the purposes of U.S.S.G. § 2K2.1(b)(4)(A) is a sentencing factor that may be proved to a judge by a preponderance of the evidence. Cf. United States v. Dare, 425 F.3d 634, 642 (9th Cir. 2005) (whether a firearm was "discharged" during the commission of a drug crime is a sentencing factor which may be proved to the court by a preponderance of the evidence); Harris, 536 U.S. at 551-52 (whether a defendant "brandished" a firearm was a sentencing factor that may be proved to the court by a preponderance of the evidence). Counsel did not err in "failing" to require the government to prove beyond a reasonable doubt that the gun was stolen.

Crane's ineffective assistance of counsel argument relating to the two-level enhancement also fails because the record clearly establishes that he agreed to the increase. Crane signed a plea agreement that expressly stated that "the base offense level is 20 pursuant to USSG § 2K2.1(a)(4) and that a two level specific offense characteristic is required since the firearm was stolen." Plea Agreement Letter ¶¶ 5-6. At the change of plea hearing, AUSA Weinhounse made clear that the government would be recommending a 70-month term of imprisonment based, in part, on a two-level enhancement for possessing a stolen firearm. Tr. 5:18-20; see also Tr. 3:10-12. Defendant stated that he understood the plea agreement and the government's position that the gun was stolen. There is simply no evidence to support Crane's contention that defense

PAGE 7 - OPINION AND ORDER

counsel erred in recommending he accept the plea agreement, which included a two-level increase for possession of a stolen firearm.

In any event, Crane cannot demonstrate prejudice as a result of counsel's alleged errors regarding the stolen firearm enhancement. As discussed, it is well-established that the preponderance of evidence standard applies to factual findings that do not expose a defendant to a higher maximum statutory sentence. Dare, 425 F.3d at 642-43. In this case, the government would have prevailed by calling the case agent to describe the history of the firearm. Based on the information contained in the PSR, it is clear that agents for the Bureau of Alcohol, Tobacco, and Firearms could easily establish by a preponderance that the gun in question was stolen. See PSR ¶ 12 (detailing the history of the firearm and concluding that it had been stolen on two occasions). As noted, the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen. U.S.S.G. § 2K2.1 cmt. n.8(B). Additionally, I note that even if defense counsel had convinced the court that the two-level enhancement should not apply, Crane's 70-month sentence would still fall within the applicable advisory sentencing guideline range. Crane's ineffective assistance claim fails because there is no reasonable probability that the result of his sentencing would have been different but for the alleged errors.

Petitioner's claim that trial counsel was ineffective in convincing him to waive his Section 2255 rights is similarly without merit. The record makes clear that petitioner knowingly and voluntarily waived those rights. Petitioner signed a plea agreement that contains an express waiver of appeal and Section 2255 rights. At the change of plea hearing, AUSA Weinhouse summarized the terms of the plea agreement, and specifically noted that it included a waiver of

PAGE 8 - OPINION AND ORDER

Section 2255 rights. Defense counsel certified that he explained the agreement to Crane, and Crane acknowledged under oath that he reviewed and understood the agreement. Crane's allegation that defense counsel failed to explain the nature of his rights is simply not credible.

Even if Crane could demonstrate some error with respect to the waiver (which he cannot), he cannot demonstrate prejudice. He does not identify any basis upon which the judgement or conviction could have been successfully challenged. As discussed, his arguments based on Apprendi and its progeny are without merit. Accordingly, Crane's ineffective assistance claim fails.

On this record, I find that petitioner's claims of ineffective assistance of appellate counsel are patently incredible, and the record conclusively shows that he is entitled to no relief. 28 U.S.C. § 2255; Mejia-Mesa, 153 F.3d at 931. Thus, there is no need for an evidentiary hearing.

## Conclusion

For the reasons set out above, I DENY petitioner's Motion (doc. 56) to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255, and I DECLINE to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 17 day of December, 2010.

James A. Redden
United States District Judge

PAGE 9 - OPINION AND ORDER